IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEONARD O. UNZICKER,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL NO. 11-224-GPM<br>) |
| **A.W. CHESTERTON COMPANY; CBS CORPORATION; CERTAINTEED CORPORATION; CLEAVER BROOKS, INC.; CRANE CO.; FOSTER WHEELER LLC; GENERAL ELECTRIC COMPANY; GREENE, TWEED AND CO.; OWENS-ILLINOIS INC.; RAPID AMERICAN CORPORATION; RILEY POWER, INC.; THE MARLEY-WYLAIN COMPANY, a/k/a Weil-McLain Company; TRANE U.S. INC.; and UNION CARBIDE CORPORATION,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445

(7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.

Plaintiff brings this action under 28 U.S.C. § 1332 for personal injuries allegedly sustained as a result of his exposure to asbestos dust or fibers during his work as a pipefitter. Plaintiff properly alleges his own citizenship and the citizenship of the corporate defendants. However, Plaintiff has failed to properly allege the citizenship of the limited liability company, Foster Wheeler LLC. *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (limited liability companies are citizens of every state of which any member is a citizen). Without knowing the identity of the member(s) of Foster Wheeler LLC and its/their citizenship, the Court cannot determine whether diversity of citizenship jurisdiction exists. Notably, allegations based upon information and belief are insufficient to establish subject matter jurisdiction. *America's Best Inns*, 980 F.2d at 1074.

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an Amendment to the Complaint **on or before May 3, 2011**, to establish the citizenship of Foster Wheeler LLC.[1] If Plaintiff fails to file an Amendment to the Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for

---

[1]The Court finds Plaintiff's allegations sufficient to establish the amount in controversy requirement.

lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co.*, 350 F.3d at 692 ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED:  04/19/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge